**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff/Respondent,**

**v.** **Case No. 03-20193-JWL**
**05-3015-JWL**

**Juan Carlos Flores-Medina,**

**Defendant/Movant.**

**MEMORANDUM & ORDER**

On December 17, 2003, Juan Carlos Flores-Medina was charged in a one-count indictment with unlawful reentry by a previously deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On March 1, 2004, Mr. Flores-Medina entered a plea of guilty to the indictment. In the plea agreement executed by Mr. Flores-Medina, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255. On July 19, 2004, Mr. Flores-Medina was sentenced to a 70-month term of imprisonment. The judgment of conviction was entered on the docket the following day. Mr. Flores-Medina did not appeal.

On January 13, 2005, Mr. Flores-Medina filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 31) in which he asks this court to vacate his current sentence and resentence him in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). As explained below, the motion is denied.

## I. Mr. Flores-Medina Waived his Right to Challenge his Sentence

The government opposes Mr. Flores-Medina's motion on the grounds that he expressly waived his right to challenge his sentence through collateral attack in the plea agreement that he executed. Mr. Flores-Medina, in turn, asserts that the plea agreement and waiver of rights should not be enforced because he received ineffective assistance of counsel in connection with the plea agreement. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

### *A. Scope of the Waiver*

Mr. Flores-Medina does not contend that the issues raised in his § 2255 petition fall outside the scope of his waiver of rights. Nonetheless, in an abundance of caution, the court briefly analyzes the scope of Mr. Flores-Medina's waiver and readily concludes that he waived the right to file the § 2255 motion presently pending before the court. In determining whether the

disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Flores-Medina waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the issues raised in Mr. Flores-Medina's initial § 2255 petition clearly fall within the scope of his waiver. *See, e.g.*, *United States v. Green*, 405 F.3d 1180, 1189 (10th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).

*B. Knowing and Voluntary*

The record also reflects that Mr. Flores-Medina's waiver was knowing and voluntary–an issue that he does not contest (except to suggest that his counsel was ineffective–an argument that the court addresses in connection with the "miscarriage of justice" prong) but that the court nonetheless addresses briefly in an abundance of caution. In determining that Mr. Flores-Medina's waiver was knowing and voluntary, the court looks no further than the language of the plea agreement and Judge VanBebber's Rule 11 colloquy with Mr. Flores-Medina. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Paragraph 9 of Mr. Flores-Medina's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Cervantes*, 2004 WL 1798305, at *10 (10th Cir. Aug. 12, 2004) (rejecting defendant's argument that waiver was not knowing and voluntary where plea agreement expressly stated that the defendant knowingly waived his right to appeal or otherwise challenge sentence); *United States v. Elliott*, 264 F.3d 1171, 1174 n.1 (10th Cir. 2001) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and expressly waive[d] the right' to appeal"). In addition, Judge VanBebber, during his Rule 11 colloquy with Mr. Flores-Medina, discussed in detail the fact that Mr. Flores-Medina had waived his right to appeal or otherwise challenge his sentence through a § 2255 motion. The court's discussion with Mr. Flores-Medina clearly revealed that he understood the nature of his waiver and voluntarily accepted it with knowledge of the consequences of the waiver. Finally, the court notes that subsequent changes

in the law, including the *Booker* and *Blakely* decisions, do not affect an otherwise knowing and voluntary waiver. *See Green*, 405 F.3d at 1190.

*C. Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. According to Mr. Flores-Medina, he received ineffective assistance of counsel in connection with the negotiation of the plea agreement. The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 687, 688, 694.

Mr. Flores-Medina asserts that his counsel was ineffective because his court-appointed counsel was, for all practical purposes, employed by the United States Attorney's Office and, thus, had a conflict of interest. This argument is based on Mr. Flores-Medina's assertion that the district court and the United States Attorney's Office are both part of the "corporation" that is the United States Government. Mr. Flores-Medina is incorrect and his argument is facially frivolous.

While the court and the United States Attorney's Office both fall under the broad umbrella that is the United States government, they each fall into separate branches of that government. The court is part of the judicial branch and the United States Attorney's Office is part of the executive branch. *See United States v. Zabawa*, 39 F.3d 279, 284 (10th Cir. 1994). The two branches operate independently of each other and the separation of powers doctrine of the United States Constitution prohibits one branch of the Government from interfering with another. In short, no conflict or improper influence has been demonstrated in this case. *See United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999) (refusing to recuse in case filed by United States against tax protestor despite fact that judge received salary from federal government; no reasonable person would infer prejudice).

For the foregoing reasons, the court concludes that there is no merit to Mr. Flores-Medina's claim of ineffective assistance of counsel in the plea negotiation process.

## II. Mr. Flores-Medina's Motion Fails on the Merits

Even if the issues raised by Mr. Flores-Medina in his § 2255 petition did fall outside the scope of his waiver or his waiver were otherwise unenforceable, his motion nonetheless fails on the merits. As explained above, Mr. Flores-Medina's motion is based entirely on the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).[1] The Tenth Circuit has

[1]In addition to asserting the general argument that his sentence should be vacated in light of *Blakely*, Mr. Flores-Medina makes the more specific argument that enhancements he received for prior convictions of aggravated felonies were unconstitutional because the convictions were not charged in the indictment and found by a jury. The Tenth Circuit,

expressly held, however, that *Blakely* does not apply retroactively to an initial § 2255 motion. *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005). The Tenth Circuit's decision in *Price* mandates that the court deny Mr. Flores-Medina's motion on the merits. Mr. Flores-Medina did not appeal his conviction or sentence and his case was "final" prior to the Supreme Court's decision in *Blakely*. Thus, *Blakely* does not apply retroactively to his § 2255 petition and it has no bearing on his sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Flores-Medina's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 31) is denied.

**IT IS SO ORDERED** this 5th day of July, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

however, has expressly rejected this argument in the aftermath of *Booker*. *See United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005) (*Almendarez-Torres* remains good law after *Booker*).

Mr. Flores-Medina also complains that he is presently being discriminated against on the basis of his status as a deportable alien because he is not eligible, based on that status, to participate in the prison's drug program. This claim is not properly brought under § 2255 and the court need not address it. *See United States v. Acevedo*, 2001 WL 280485, at *1 n.2 (10th Cir. Mar. 22, 2001) (challenge to differential treatment as a deportable alien in the federal prison system should be filed under 28 U.S.C. § 2241 because it concerns the execution, rather than the imposition, of the sentence; challenge was not properly brought under § 2255).